```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

SEREFF TAEKWON-DO, INC.,
d/b/a SEREFF TAEKWON-DO
FEDERATION, INC.                                          PLAINTIFF


v. Civil No. 06-5049


UNITED STATES TAEKWON-DO
FEDERATION/WORLD TAEKWON-DO ALLIANCE,
SCOTT MCNEELY, ET AL.                                    DEFENDANTS


**O R D E R**

NOW on this 16th day of June 2008, comes on for consideration Plaintiff's **Motion to Enforce Confidential Consent Agreement** (document #26) and **Motion for Attorneys' Fees** (document #38), the response thereto of Defendant Troy Burleson, and the Court, being well and sufficiently advised, finds and orders as follows:

1. On March 24, 2006, Sereff Taekwon-Do, Inc. ("Plaintiff") sued Defendants United States Taekwon-Do Federation/World Taekwon-Do Alliance, Scott McNeely, Karen McNeely, Troy Burleson, and Brad Whitlow ("Defendants") for federal trademark infringement, false designation of origin, and other state law claims.

During the course of discovery, the parties agreed to a resolution of this matter. The terms of this resolution were

incorporated into a Confidential Consent Agreement (the "Consent Agreement"), which was executed by the parties in November 2006. Thereafter, on December 19, 2006, the Court entered its Agreed Final Judgment and Permanent Injunction (the "Judgment"), which granted the parties' joint motion to dismiss this case. Pursuant to the terms of the Judgment, the parties agreed to resolve any and all claims in connection with this matter as provided in the Consent Agreement. The Court retained jurisdiction over the enforcement of the Judgment.

As part of the Consent Agreement, Defendants agreed to pay certain monetary consideration to Plaintiff. Pursuant to the Consent Agreement, any failure of Defendants to remit full settlement consideration to Plaintiff entitles Plaintiff to enhanced damages in the amount of $25,000.00, as well as Plaintiff's costs and attorney's fees incurred in enforcing the Consent Agreement. See Consent Agreement at 3.3, 4.2.

2. On January 24, 2008, Plaintiff filed its **Motion to Enforce Confidential Consent Agreement** (document #26), wherein Plaintiff states that Defendants have failed to remit all sums due as required under the terms of the Consent Agreement. Plaintiff further states that it notified Defendants of their failure to pay; but, Defendants have failed to remedy their breach of the Consent Agreement.

On February 4, 2008, Defendants Karen and Scott McNeely appeared *pro se* and requested an extension of time to respond to Plaintiff's motion to enforce. The Court granted the McNeely's motion for extension of time. Despite this extension, Karen and Scott McNeely have failed to respond to Plaintiff's motion to enforce. Further, Defendant United States Taekwon-Do Federation/World Takewon-Do Alliance has failed to respond to Plaintiff's motion to enforce.

On February 5, 2008, Defendant Troy Burleson filed his response to Plaintiff's motion (document #34). In his response, Burleson does not dispute the validity of the Consent Agreement and admits that he has failed to comply with its terms.

As Defendant Brad Whitlow has filed for bankruptcy, Plaintiff does not seek to enforce the Consent Agreement against him.

In view of the foregoing, the Court finds that Defendants have not presented a defense to Plaintiff's present claim for enhanced damages. The Court further finds that the Consent Agreement has been breached. Therefore, the Court finds that Plaintiff's **Motion to Enforce Confidential Consent Agreement** (document #26) should be granted. Accordingly, Plaintiff is entitled to joint and several judgment against Defendants United States Taekwon-Do Federation/World Taekwon-Do Alliance, Scott

McNeely, Karen McNeely, and Troy Burleson for the enhanced damage amount of **$25,000.00.**

3. On May 22, 2008, Plaintiff filed its **Motion for Attorneys' Fees** (document #38), wherein Plaintiff asserts that under the express terms of the Consent Agreement and Arkansas Code Ann. § 16-22-308 it is entitled to its reasonable attorneys' fees and costs in enforcing the Consent Agreement.  Plaintiff has provided affidavits and billing records in support of its motion.

Defendants have not objected to or otherwise responded to Plaintiff's motion for attorneys' fees.

Paragraph 4.2 of the Consent Agreement provides that if either party institutes any action to enforce the terms of this agreement, "in addition to any judgment entered in its favor, the prevailing party shall be entitled to recover its attorneys' fees, together with court costs and expenses in litigation." See Consent Agreement at 4.2.  Having reviewed the fees and expenses incurred by Plaintiff in seeking to enforce the Consent Agreement, the Court finds that they are reasonable and should be awarded to Plaintiff.  See Crockett & Brown, P.A. v. Courson, 849 S.W.2d 938 (Ark. 1993).  Accordingly, the Court finds that Plaintiff's **Motion for Attorneys' Fees** (document #38) should be granted and Plaintiff should be awarded its costs and attorneys' fees in the amount of **$3,650.95.**

**IT IS THEREFORE ORDERED** that Plaintiff's **Motion to Enforce Confidential Consent Agreement** (document #26) and **Motion for Attorneys' Fees** (document #38) should be, and hereby are, **GRANTED**. Accordingly, pursuant to the terms of the Consent Agreement, judgment in favor of Plaintiff Sereff Taekwon-Do, Inc. will be entered by separate document filed concurrently herewith.

**IT IS SO ORDERED.**

<u>/s/ Jimm Larry Hendren</u>
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**